**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

PHONG LE,

      Petitioner - Appellant,

    v.

TRAVIS TRANI,* Warden, L.C.F.;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 08-1362
(D. Colorado)
(D.C. No. 01:07-CV-01173-WYD)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

    Appellant, Phong Le, seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Le has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2). Le's motion to proceed in forma pauperis is **granted**.

---

    *Pursuant to Fed. R. App. P. 43(c)(2), Travis Trani is substituted for Steven Hartley as Warden of the Limon Correctional Facility, effective September 2008.

Le was convicted by a Colorado jury of multiple charges arising from the burglary of a residence occupied by his sister-in-law. He was acquitted of aggravated robbery, first degree murder, felony murder, and solicitation of felony murder. In his direct appeal, Le raised several challenges to his sentence. The Colorado Court of Appeals granted relief on only one claim, holding the trial court erred by imposing consecutive sentences on Le's solicitation and conspiracy convictions. Le then filed a motion seeking state post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The state district court denied relief and the Colorado Court of Appeals affirmed.

Le filed the instant § 2254 federal habeas petition on June 5, 2007. In the petition, Le raised three allegations of error: (1) his Sixth and Fourteenth Amendment rights were violated because his aggravated-range sentences were based on facts not found by the jury and for which he was actually acquitted, (2) there was insufficient evidence to support his convictions for solicitation and conspiracy to commit aggravated robbery, and (3) his trial counsel was ineffective for failing to request a jury instruction on abandonment with respect to the charges of solicitation and conspiracy to commit aggravated robbery. Applying the standards set forth in the Antiterrorism and Effective Death Penalty Act to settled precedent, the district court concluded the state courts' adjudication of Le's claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

To be entitled to a COA, Le must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Le has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Le need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.* (quotations omitted).

This court has reviewed Le's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Le is not entitled to a COA.  The district court's resolution of Le's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Le has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Le's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge